UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN FOUNTAINE,

               Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security

               Defendant.

Case No. C10-5953 JRC

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rule MJR 4(a)(4); and, as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter comes before the Court on plaintiff's filing of an Application to Proceed in Forma Pauperis and a Complaint to review and set aside a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The Application is improper because it is not filled out or signed by plaintiff.

<u>BACKGROUND</u>

On December 31, 2010, plaintiff filed an Application to Proceed in Forma Pauperis, along with an attached Complaint. (ECF No. 1.) In his application, in response to the question "[a]re you presently employed," plaintiff indicates "unknown." (ECF No. 1, p. 1.) In the boxes

ORDER - 1

where plaintiff is to indicate "yes" or "no" as to whether he has received any money from specific named sources, none of the "yes" or "no" boxes are checked for any of the questions. (Id.)  Further, in the boxes where plaintiff is required to indicate if he owns or has any interest in real estate, stocks, bonds, notes, automobiles, or other valuable property, is the following response: "[u]nknown. At last contact plaintiff was homeless and we [the attorney and staff] could not contact for update or signature." (ECF No. 1, p. 2.) Finally, at the bottom of the motion, where plaintiff is supposed to place his signature and indicate that he "declare[s] under penalty of perjury that the foregoing is true and correct," no signature is present. (Id.) Similarly, plaintiff's Written Consent for Payment of Costs from any Recovery under Local Rule CR3(b) does not contain plaintiff's signature. (See ECF No. 1, p. 3.)

## DISCUSSION

According to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . ." By requesting the court to be allowed to proceed in forma pauperis, plaintiff is asking the government to incur the filing fee because he alleges an inability "to pay such fees." See 28 U.S.C. § 1915(a)(1).

In addition, Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

ORDER - 2

Plaintiff's Application is incomplete and is not signed by plaintiff. (See ECF No. 1, pp. 1-3.) In addition, the written consent provided to the Court has been completed on behalf of plaintiff by his attorney, and the consent is unsigned. (See id.)

Plaintiff has not signed the affidavit and therefore is not in compliance with 28 U.S.C. § 1915(a)(1) or with Local Rule CR 3(b)(2). Cf. United States v. Wilkus, 875 F.2d 649, 654 (7th Cir. 1989) (where alleged affiant could not recall how his signature appeared on the affidavit, the trial judge's finding "that there was insufficient evidence to show its accuracy", and ruling of inadmissibility, was proper).

Additionally, even if the affidavit were signed, the information necessary to make this decision is not included in the application. (See ECF No. 1, pp. 1-3.)

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff shall seek to cure these deficiencies by filing no later than **February 11, 2011**, (a) an application answered and signed by plaintiff and (b) the signed written consent required by Local Rule CR 3(b)(2), or by paying the proper filing fee. **Failure to cure these deficiencies by the above date will be deemed a failure to prosecute this matter properly and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to counsel for plaintiff.

DATED this 20th day of January, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3