UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN FOUNTAINE,

           Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

           Defendant.

CASE NO. C10-5953BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES

This matter comes before the Court on Plaintiff Nathan Fountaine's ("Fountaine") motion for attorney's fees (Dkt. 29). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 8, 2011, Fountaine filed a complaint against Defendant Michael J. Astrue, Commissioner of Social Security Administration, contesting the denial of Fountaine's claim for benefits. Dkt. 5. On September 9, 2011, the parties submitted a stipulated motion for remand. Dkt. 25. On September 30, 2011, the Court entered judgment for Fountaine and remanded the matter for further consideration. Dkt. 28.

On December 29, 2011, Fountaine filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 29. On January 9,

ORDER - 1

2012, the Government responded. Dkt. 34. On January 17, 2012, Fountaine replied. Dkt. 35.

## II. DISCUSSION

A court may order an EAJA award for attorney hours that were reasonably expended on the litigation unless the position of the Government was substantially justified or special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(2)(A).

In this case, the Government contends that the number of hours alleged to have been expended on the matter is unreasonable based on the issues before the Court. Dkt. 34. The Government, however, fails to provide an amount that it considers reasonable. Moreover, upon review of the file, the Court finds that the number of hours expended on this matter appear to be reasonable and appropriate. The Court does not agree with the Government that 13.4 of the hours billed constitute block billing. The description of services appears to be devoted to a single task. Therefore, the Court grants the award as requested.

The Government requests that, if the Court awards fees, the fees should be awarded to Fountaine and not to Fountaine's attorney. Dkt. 34 at 5. The Court agrees. However, the Court routinely orders that the check for fees be made payable to the attorney and sent to the attorney upon submission of a proper fee agreement.

## III. ORDER

Therefore, it is hereby **ORDERED** that Fountaine's motion for attorney's fees (Dkt. 29) is **GRANTED.** EAJA fees of $5,127.75 shall be awarded to Fountaine pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If it is determined that Fountaine's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, then the check for EAJA fees shall be made payable to

D. James Tree, based upon Fountaine's assignment of these amounts to his attorney. (*See* Dkt. 29-2). Any check for EAJA fees shall be mailed to Mr. Tree.

DATED this 25th day of January, 2012.

                                         BENJAMIN H. SETTLE
                                         United States District Judge

ORDER - 3